**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CARLOS CORDERO, OMAR BENITEZ,** | § | |
| **COREY HARVEY, TOBY MARRJUO,** | § | |
| **AND REMI HARVEY** | § | |
| | § | |
| **V.** | § | **A-13-CA-253-LY** |
| | § | |
| **VOLTAIRE, LLC** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are:  Plaintiff Carlos Cordero's Motion to Dismiss Defendant's Counterclaims and Strike Defendant's Affirmative Defenses (Dkt. # 8); Plaintiffs' Cory Harvey and Toby Marrujo's Motion to Dismiss Defendant's Counterclaims and Strike Defendant's Affirmative Defenses (Dkt. # 25); Plaintiff Remi Harvey's Motion to Dismiss Defendant's Counterclaims and Strike Defendant's Affirmative Defenses (Dkt. # 26); Defendant's Responses to the Motions; and Plaintiffs' Replies.  The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.   GENERAL BACKGROUND

Plaintiffs Carlos Cordero, Omar Benitez, Cory Harvey, Remi Harvey and Toby Marrujo sue their former employer, Defendant Voltaire, LLC ("Defendant"), a construction company, to recover unpaid overtime wages allegedly due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201

*et seq.*[1]  Plaintiffs Cory Harvey, Toby Marrujo, Remi Harvey and Omar Benitez were employed as laborers with Defendant, while Carlos Cordero was employed as Vice President of Construction. Plaintiffs allege that Defendant willfully failed to pay them at least one and one-half times their regular rate of pay for overtime hours worked as is required under the FLSA.

In response, Defendant alleges that Plaintiffs cannot recover under the FLSA, or that any recovery should be reduced, because Plaintiffs have falsified and inflated the hours they allegedly worked.  Specifically, Defendant alleges that "[Plaintiff-Laborers] and numerous other contractors working at Defendant's job sites would provide their time to Carlos Cordero who would then accumulate that time and provide it to Defendant.  Cordero was involved in a scheme to defraud and steal from Defendant which included falsifying and inflating the time [they] claimed to work for Defendant and also conspiring with the other workers to falsify and inflate their time that was turned in to Defendant."  Defendant's Original Answer to Remi Harvey's Complaint (Dkt. # 3 in A-13-CV-518-LY).  In addition, Defendant alleges that Plaintiffs took valuable materials and equipment from it.  Based upon the foregoing, Defendant has asserted the affirmative defenses of statute of limitations, unclean hands, offset, good-faith and estoppel, as well as counterclaims for fraud, theft, conversion and breach of fiduciary duty.  Defendant has also asserted a conspiracy counterclaim against Plaintiffs Remi Harvey, Cory Harvey and Toby Marrujo.

## II. ANALYSIS

Cordero, Remi Harvey, Corey Harvey, and Marrujo have each moved to dismiss the counterclaims and strike the affirmative defenses, pursuant to Federal Rules of Civil Procedure

---

[1]Although the Plaintiffs initially filed their own individual lawsuits, they were consolidated pursuant to Federal Rule of Civil Procedure 42(a) because they involved common questions of law and fact.  See Dkt. # 20, 22 & 29.

12(b)(1), 12(b)(6) and 12(f).[2]  They argue that Voltaire's counterclaims are permissive, and fail to assert an independent basis for federal court jurisdiction and, therefore, must be dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(1).  They further argue that the affirmative defenses of offset, unclean hands, estoppel, and good-faith belief of acting in accord with the FLSA should all be dismissed under Rule 12(b)(6) or 12(f).

**A.**      **Plaintiffs' Rule 12(b)(1) Motion to Dismiss Defendant's Counterclaims**

Cordero argues that the counterclaims for theft, conversion, fraud and breach of fiduciary duty are permissive counterclaims under Federal Rule of Civil Procedure 13(b) and, therefore, must "be supported by independent grounds of federal jurisdiction." Codero's Motion at p. 2.  Corey Harvey, Remi Harvey, and Marujo make the same argument, but only with regard to the theft and conversion counterclaims.  Although the Court disagrees with some of the legal reasoning, it agrees that some of Voltaire's counterclaims should be dismissed for lack of jurisdiction.

**1.      Standard of Review under 12(b)(1)**

Federal Rule of Civil Procedure Rule 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction.  Federal courts are tribunals of limited subject matter jurisdiction and may only entertain a case that fits within the judicial power of Article III of the Constitution and a statutory grant of subject matter jurisdiction, such as federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S. C. § 1332(a)(1). 13D CHARLES ALAN WRIGHT, ARTHUR R. MILLER. EDWARD H. COOPER, & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3567 (3d ed. 2008).  "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (*citing Hitt*

---

[2]Omar Benitez has not moved to dismiss Defendant's counterclaims/affirmative defenses.

*v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)), *cert. denied*, 536 U.S. 960 (2002). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

### 2.   Supplemental jurisdiction and Rule 13

As noted, federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Supplemental jurisdiction[3] permits a federal court to entertain a claim over which it would not have an independent basis of subject matter jurisdiction. 13D CHARLES ALAN WRIGHT, ARTHUR R. MILLER. EDWARD H. COOPER, & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3567 (3d ed. 2008). In 1990, Congress passed the supplemental jurisdiction statute, 28 U.S.C. § 1367, which provides that in any case properly brought in federal court, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the *same case or controversy* under Article III." § 1367(a) (emphasis added). Under § 1367(a), the question is whether the supplemental claims are so related to the original claims that they derive from "a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010).

Plaintiffs focus their argument on the contention that because the counterclaims are permissive under Rule 13, the counterclaims must have an independent basis for jurisdiction to be

---

[3]Historically called "pendent" and "ancillary jurisdiction. 13D CHARLES ALAN WRIGHT, ARTHUR R. MILLER. EDWARD H. COOPER, & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3567 (3d ed. 2008).

brought in this action.  Rule 13 divides counterclaims into two basic categories: compulsory and permissive. If the counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," then the party must either assert it under the compulsory counterclaim provision in Rule 13(a) or waive the right to recover on it.  FED. R. CIV. P. 13(a); 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1403 (3d ed. 2010).[4]  It is well established that federal courts have supplemental jurisdiction over compulsory counterclaims because to be  compulsory counterclaims in the first place, they have already passed the more stringent test of arising out of the same "transaction or occurrence" as the jurisdiction-invoking claim, and therefore, dy definition, satisfy § 1367(a)'s "same case or controversy" standard.  *See Smith v. James C. Hormell Sch. of Va. Inst. of Autism*, 2010 WL 1257656, at *19 (W.D. Va. Mar. 26, 2010) (citing 13D CHARLES ALAN WRIGHT, ARTHUR R. MILLER. EDWARD H. COOPER, & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3567.1 (3d ed. 2008)).

If the defendant's claim is independent of the plaintiff's claim, however, then the defendant has the option of bringing it in a separate suit or of asserting it under Rule 13(b) as a permissive counterclaim.  *Id.* at 1403.  In contrast to compulsory counterclaims, permissive counterclaims must either be supported by independent grounds of federal jurisdiction *or* fall within the supplemental

---

[4]"The reason for compelling the litigant to interpose compulsory counterclaims is to enable the court to settle all related claims in one action, thereby avoiding a wasteful multiplicity of litigation on claims arising from a single transaction or occurrence." 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1409 (3d ed. 2010).

jurisdiction of the court under 28 U.S.C. § 1367.[5]  6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1403 (3d ed. 2010).

Plaintiffs' argument ignores § 1367.  Before Section 1367 was passed in 1990, courts, including the Fifth Circuit, routinely held that permissive counterclaims required an independent jurisdictional basis before a federal court could exercise subject matter jurisdiction over such claims. *See e.g., Plant v. Blazer Financial Servs.*, 598 F.2d 1357, 1359 (5th Cir. 1979) ("A permissive counterclaim must have an independent jurisdictional basis, while it is generally accepted that a compulsory counterclaim falls within the ancillary jurisdiction of the federal courts even if it would ordinarily be a matter for state court consideration.") (internal citation omitted).  Section 1367, however, does not draw a distinction between compulsory and permissive counterclaims and simply refers to "*all other claims* that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (emphasis added). Although the Fifth Circuit has not addressed the issue, the consensus among the courts of appeals and the numerous district courts that have considered the issue is that § 1367 supersedes case law on supplemental jurisdiction, and it is no longer the case that permissive counterclaims must be supported by an independent basis for jurisdiction, but rather must only meet the test for supplemental jurisdiction under §1367(a).  *See e.g.*, *Global NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 87 (1st Cir. 2010), *cert. denied*, 131 S.Ct. 1033 (2011) (holding that § 1367 gives federal courts supplemental jurisdiction over permissive counterclaims that meet the Article III "case

---

[5]This is so because the federal rules cannot be construed to extend the jurisdiction of the federal courts. *Id.*  There are also some judicially created exceptions limiting the ability to assert a permissive counterclaim under Rule 13(b). *Id.* at § 1425.  For example, some courts have denied a defendant's right to assert a permissive counterclaim on the ground that the claim is of the type that for various policy reasons should be asserted in an independent action. *Id.* (citing *United States ex rel. Rodriguez v. Weekly Publications*, 74 F. Supp. 763 (S.D.N.Y. 1947)).

or controversy" test set forth in § 1367(a) and that § 1367 superseded case law distinguishing between compulsory and permissive counterclaims).[6] Thus, in *Cruz v. Winter Garden Realty*, LLC, 2012 WL 6212909 at * 4 (M.D. Fla. Nov. 27, 2012), the district court noted that "the appropriate focus should be whether the counterclaims satisfy the requirements of § 1367—that is, whether the state law claims are so related to a federal claim as to form part of the same case or controversy under Article III of the Constitution—rather than on whether the counterclaim is compulsory or permissive." Therefore, determining whether or not Defendant's counterclaims are compulsory for purposes of Rule 13(a) is relevant to, but not determinative of, the Court's subject matter jurisdiction over the counterclaims. The first step in the analysis is determining whether the counterclaims are compulosry.

### 3.      Are Defendant's Counterclaims Compulsory?

As noted above, a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." FED. R. CIV. P. 13(a). To determine whether a counterclaim is compulsory, the Fifth Circuit uses the "logical relation" test. *Ormet Primary*

---

[6]*See also, Jones v. Ford Motor Credit*, 358 F.3d 205, 212–13 (2d Cir. 2004) (finding that court could exercise supplemental jurisdiction over permissive counterclaim that satisfied § 1367(a)); *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996) (finding that court could exercise supplemental jurisdiction over permissive counterclaim because it satisfied § 1367(a)); *Lou v. Ma Laboratories, Inc.*, 2013 WL 3989425, at *2 (N.D. Cal. Aug. 2, 2013) (noting that since 1990, § 1367(a) has given federal courts discretion to exercise supplemental jurisdiction over state law counterclaims); *NatureSweet, LTD v. Mastronardi Produce, LTD.*, 2013 WL 460068, at *4 n.4 (N.D. Tex. Feb. 6, 2013) (discussing the difference between the "old understanding of counterclaims" requiring an independent jurisdictional grant and the court of appeals' decisions finding that it is no longer the case); *Slaughter v. Alpha Drugs, LLC,* 907 F. Supp.2d 50, 53 (D.D.C. 2012) (noting that plaintiff's assertion that a counterclaim must be compulsory in order to fall within the scope of §1367 "relies on an outdated understanding of subject matter jurisdiction that was overridden by the enactment of Section 1367 in 1990"); *Cruz v. Winter Garden Realty*, LLC, 2012 WL 6212909, at *4 (M.D. Fla. Nov. 27, 2012) (finding that the appropriate focus is whether claims satisfy § 1367, not whether they are permissive).

*Aluminum Corp. v. Ballast Tech., Inc.*, 436 F. App'x 297, 299 (5th Cir. 2011).  "There is a logical

relationship between a potential counterclaim and the principal claim when the same operative facts

serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates

additional legal rights, otherwise dormant, in the defendant." *Id.*  As the Fifth Circuit has stated,

"[t]he logical relation test is a loose standard which permits a broad realistic interpretation in the

interest of avoiding a multiplicity of suits.  The hallmark of this approach is its flexibility." *Plant*,

598 F.2d at 1361.  Under Rule 13, "the court has broad discretion to allow claims to be joined in

order to expedite the resolution of all the controversies between the parties in one suit." 6 CHARLES

ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE

§ 1403 (3d ed. 2010).

Applying these principles here, it appears that the only counterclaim which is compulsory in

this case is the counterclaim against Cordero for fraud.[7]  Voltaire alleges that Cordero committed

fraud by submitting work statements to it with "falsified and inflated hours," and that he submitted

bills for time and expenses that were expended on personal and private projects.  Voltaire's First

Amended Answer at p. 4-5 (Dkt. # 5).  There is a "logical relationship" between Cordero's FLSA

claim and Votaire's fraud counterclaim because the same operative facts serve as the basis of both

claims.  To prove his FLSA claim, Cordero will have to present evidence showing how many hours

he worked, how much he was paid for those hours and how much he should have been paid for those

hours.  Similarly, to prove its fraud[8] counterclaim, Voltaire will have to present evidence showing

---

[7]As noted above, only Cordero has moved to dismiss Defendant's fraud counterclaim.

[8]To assert a claim of fraud under Texas law, Defendant must allege: (1) a material
representation was made; (2) the representation was false; (3) when the representation was made,
the speaker knew it was false or made it recklessly without any knowledge of the truth and as a

that Cordero billed it for false and/or inflated hours and for work expended on personal and private projects.  Thus, both claims focus on whether Cordero is owed overtime compensation under the Act and if so, the amount actually owed.  Moreover, if Defendant proves its fraud counterclaim, Cordero would obviously not be able to recover damages for hours not actually worked. *See Le Compte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986) (noting that employee cannot recover under the FLSA where he worked unauthorized hours or falsified records to create cause of action). Accordingly, the fraud counterclaim is compulsory. *See Nickle v. Astramed Physician, P.C.*, 2013 WL 782370, at *3-4 (E.D.N.Y. Feb. 28, 2013) (permitting fraud counterclaim in FLSA case where defendant alleged that plaintiff did not actually work the hours he reported); *Whatley v. Young Women's Christian Assoc. of Northwest Louisiana, Inc.*, 2006 WL 1453043, at *4 (W.D. La. May 18, 2006) (holding that court had jurisdiction over plaintiff's state law claim for failure to pay wages due upon termination since it formed part of the same case or controversy as FLSA claim).  Based upon the foregoing, the Court recommends that the District Court deny Plaintiff Cordero's Motion to Dismiss Defendant's fraud counterclaim for lack of jurisdiction.

In contrast to the fraud counterclaim, the evidence needed to prove Defendant's counterclaims for theft, conversion, and breach of fiduciary duty is entirely different than the evidence needed to prove Plaintiffs' FLSA claim.  Defendant's allegations that Plaintiffs committed

---

positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.  *Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 212 (5th Cir.) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex.  2001)), *cert. denied*, 558 U.S. 873 (2009).  Further, to state a claim for fraud in federal court, a litigant must state with particularity the circumstances constituting fraud or mistake. FED. R. CIV. P. 9(b).  "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).

theft and conversion by unlawfully taking valuable equipment and materials and the resulting breach of their fiduciary duties plainly does not rest on the same operative facts as Plaintiffs' FLSA claim that Defendant failed to pay them overtime wages.[9]  *See e.g., Lou*, 2013 WL 3989425, at \*2 (finding that breach of contract and conversion counterclaims did not rest on the same operative facts as plaintiff's FLSA claim, and thus counterclaims were not compulsory); *Mendoza f. A&A Landscape and Irrigation, LP.*, 2012 WL 7005259 at \* 2 (E.D. Tex. Dec. 5, 2012) (finding that defendant's counterclaims for conversion and theft were not compulsory in FLSA action); *Cortes v. Distribuidora Monterrey Corp.*, 2008 WL 5203719 at \* 1-2 (N.D. Tex. Dec. 11, 2008) (holding that defendants counterclaims for conversion, theft and breach of contract were not compulsory since would require entirely different evidence than plaintiff's FLSA claim). Accordingly, Defendant's counterclaims of theft, conversion, and breach of fiduciary duty are plainly not compulsory counterclaims.  As discussed above, as permissive counterclaims, they must either have an independent jurisdictional basis, or they must fall within the Court's supplemental jurisdiction.

---

[9]To prove theft under the Texas Theft Liability Act, Voltaire must establish:

- that it had a possessory right to property or was the provider of services;
- Plaintiffs unlawfully appropriated property or unlawfully obtained services in violation of certain sections of the Penal Code; and
- Defendant sustained damages as a result of the theft.

TEX. CIV. PRAC. & REM.CODE §§ 134.002(2), 134.003, 134.005(a); TEX. PENAL CODE §§ 31.03(a), 31.05.  To prove breach of fiduciary duty, Voltaire must show:

- a fiduciary relationship existed between it and Plaintiffs;
- Plaintiffs breached its fiduciary duty to Voltaire, and
- Plaintiffs' breach resulted in injury to Voltaire or a benefit to Plaintiffs.

*Academy of Skills & Knowledge, Inc. v. Charter Schools, USA, Inc.*, 260 S.W.3d 529, 540 (Tex. App.–Tyler, 2008, pet. denied).

4.     **Does the Court have supplemental jurisdiction over the permissive counterclaims?**

There is no claim that Voltaire's state law counterclaims of theft, conversion and fiduciary duty are supported by independent grounds of federal jurisdiction.  The only question is thus whether those counterclaims fall within the supplemental jurisdiction of the court under 28 U.S.C. § 1367.  Under § 1367(a), the district court may exercise supplemental jurisdiction over state claims that do not independently come within the court's jurisdiction so long as they "form part of the same case or controversy" as the claims which do fall within the court's original jurisdiction.  *Halmekangas*, 603 F.3d at 293; 28 U.S.C. § 1367(a).  Under § 1367(a), the question is whether the supplemental claims are so related to the original claims that they derive from a "common nucleus of operative fact."  *Gibbs*, 383 U.S. at 725.  In making this inquiry, courts should look to whether a claimant would ordinarily be expected to try all the claims under consideration in a single proceeding.  *Id.*

Voltaire's counterclaims for theft, conversion, and breach of fiduciary duty do not arise from the same set of facts as the FLSA claims.  Voltaire's counterclaims do not share common facts with the FLSA claims and a different body of evidence will be required to prove those claims.  The only nexus between the FLSA claims and Voltaire's counterclaims is the employment relationship between the parties.  "The mere fact that the parties were once linked by an employer-employee relationship is insufficient when the claims would stir such different issues and rely on such different facts and evidence."  *Lou*, 2013 WL 3989425, at *3.  Thus, numerous courts have found that there was no supplemental jurisdiction over unrelated counterclaims in FLSA actions.[10]

---

[10]*See e.g., Lyon v. Whisman*, 45 F.3d 758, 763 (3ʳᵈ Cir. 1995) (finding that the only nexus was employer-employee relationship and thus holding "that there is so little overlap between the evidence relevant to the FLSA and state claims, that there is no "common nucleus of operative fact" justifying supplemental jurisdiction over the state law claims.");  *Lou*, 2013 WL 3989425 at *3 (holding that defendant's breach of contract and conversion counterclaims did not form part of the same case or controversy as plaintiff's  FLSA claim where "there is not even a loose factual connection between

Even if the counterclaims did fall within the court's supplemental jurisdiction, the Court would recommend that the district judge decline to exercise jurisdiction over them because "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). "[C]ourts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused." *Martin v. Pepsiamericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010). Thus, in *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010), the Fifth Circuit affirmed the district court's dismissal of the defendant's contract and fraud counterclaims after concluding that "our precedent suggests that such claims should not be addressed in a FLSA action." The Court cited to its previous decision in *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988), in which it had previously explained why set-offs and counterclaims are inappropriate in any case brought to enforce the FLSA's minimum wage and overtime provisions:

> The federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors. Their sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the

---

the allegation that Ma Labs did not fully compensate its workers for their labor and the assertion that plaintiff Lou took unspecified proprietary information in violation of the companies's confidentiality agreement); *Shepherd v. Kelley,* 2013 WL 105284, at *2 (S.D. Ala. Jan. 8, 2013) (holding that the court did not have supplemental jurisdiction over defendant's counterclaims for breach of fiduciary duty and fraud where nucleus of operative fact for counterclaims was that plaintiff used property of the defendants without permission and nucleus for FLSA claim was that plaintiff worked and was not paid); *Saenz v. Austin Roofer's Supply, LLC.,* 664 F. Supp.2d 704, 710 (W.D. Tex. 2009) (holding that the court lacks supplemental jurisdiction over tort claims of assault, battery and negligent training where those claims did not share common facts other than employee-employer relationship); *Whatley,* 2006 WL 1453043, at *3 (finding that there was not a common nucleus of operative facts between plaintiff's FLSA claim and her state law claims for invasion of privacy, conversion and intentional and negligent infliction of emotional distress where only nexus was employer-employee relationship); *Krause v. Cherry Hill Fire Dist. 13,* 969 F. Supp. 270, 281 (D.N.J. 1997) (finding that there was an insufficient nexus between the plaintiff's state-law contract claims and their FLSA claim to support supplemental jurisdiction).

> genesis, history, interpretation, and philosophy of the Act. The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act.

*Id.* The exercise of § 1367 supplemental jurisdiction over Defendant's counterclaims for theft, conversion, and breach of fiduciary duty would therefore not be appropriate here. *See Slaughter*, 907 F. Supp.2d at 53-4 (declining to exercise jurisdiction over counterclaims in FLSA case since permitting such counterclaims "may be inconsistent with the purpose of the FLSA.").

The Court therefore recommends that the District Court grant Plaintiff Cordero's Motion to Dismiss Defendant's counterclaims for theft, conversion, and breach of fiduciary duty under Rule 12(b)(1), but deny the Motion with regard to Voltaire's fraud counterclaim. The Court further recommends that the District Court grant Plaintiffs Remi Harvey, Cory Harvey, and Marrujo's Motion to Dismiss Defendant's counterclaims for theft and conversion under Rule 12(b)(1).

## B.    Motion to Dismiss Counterclaims

In deciding a motion to dismiss filed under Rule 12(b)(6), "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)), *cert. denied*, 552 U.S. 1182 (2008).  To survive the motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also, Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

Rule 8(c) requires a defendant to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).  The Fifth Circuit has found that the "fair notice" pleading requirement is met "if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Id.* (internal quotations and citations omitted).  "Central to requiring the pleading of affirmative defenses is the prevention of unfair surprise.  A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987).  However, where the affirmative defense is raised in a manner that does not result in unfair surprise, "technical failure to comply precisely with Rule 8(c) is not fatal." *Rogers v. Mc Dorman*, 521 F.3d 381, 385 (5th Cir. 2008) (citing *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983)).  Thus, a defendant does not waive an affirmative defense "if it is raised at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." *Id.* (internal quotations and citations omitted).  In some cases, "merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362.

Among the district courts in this Circuit, there is disagreement on whether the heightened *Twombly* and *Iqbal* pleading standards have changed the pleading standards for affirmative defenses. *Compare Thomson v. Law Office of Joseph Onwuteaka, PC.,* 2013 WL 4787777, at *1 n.1 (S.D. Tex. Sept. 9, 2013) (noting that Fifth Circuit has not addressed the issue but declining to apply the heightened standard to affirmative defenses); *Jones v. JGC Dallas LLC,* 2012 WL 4119570, at *5 (N.D. Tex. Aug. 17, 2012) ("The plausibility standard in *Twombly* and *Iqbal* does not appear applicable to the pleading of an affirmative defense."), *with Vargas v. HWC General Maintenance,* 2012 WL 948892, at *2 (S.D. Tex. March 20, 2012) ("This Court also agrees that the plausibility

standard articulated in *Twombly* and *Iqbal* applies to the sufficiency of affirmative defenses.").[11]  The Fifth Circuit has not yet specifically addressed whether *Twombly* and *Iqbal* have changed the pleading standard for affirmative defenses.  However, in *Rogers v. McDorman*, 521 F.3d 381, 385-86 (5th Cir. 2008), which was decided after *Twombly,* but before *Iqbal*, the Fifth Circuit relied on the *Woodfield* "fair notice" standard to find that the defendants' affirmative defense of *in pari delicto* was not waived where it was raised at a "pragmatically sufficient time" and plaintiffs could not "credibly claim they were surprised."  Because the Fifth Circuit has continued to apply the "fair notice" standard even after *Twombly*, the Court finds that "*Woodfield* is still applicable to motions to strike affirmative defenses." *Jolie  Design & Decor, Inc. v. Cece Caldwell's Paints, LLC*, 2013 WL 3293691, *4 (E.D. La. June 28, 2013).

### 1.    Offset

Voltaire pleads that it is entitled to an offset for all damages caused it by the Plaintiffs.  While Plaintiffs concede that Voltaire may seek an offset for its allegations that Plaintiffs falsified or inflated their hours causing Voltaire to overpay them, they argue that Voltaire may not seek an offset based on damages arising from the alleged theft of material and equipment.  They rely on *Martin v. Pepsiamericas*, Inc., 628 F.3d 738, 740-741(5th Cir. 2010) for this argument.[12]  Voltaire agrees and has clarified that any offset it requests would be limited to "damages created by Plaintiff causing alleged hours worked to be falsified and/or inflated. . . ." First Amended Answer to Cordero at ¶ 23; First Amended Answer to Harvey and Marrujo at ¶ 22.  Due to this concession, there is no reason

---

[11]For a more detailed discussion on whether the pleading standard articulated in *Twombly* and *Iqbal* applies to affirmative defenses, see 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1274 (2013 Supp.).

[12]In *Martin,* the Fifth Circuit reaffirmed its previous rulings that set offs or offset in FLSA cases should not be allowed unless the money being set off can be considered wages that the employer pre-paid to the employee-plaintiff. *Id.* at 742.

to strike Voltaire's defense.  Moreover, Voltaire has given Plaintiffs "fair notice" of their offset defense and clearly there is not risk of "unfair surprise."  Accordingly, Plaintiffs' Motions to Dismiss Defendant's offset affirmative  defense should be denied.

### 2. Conspiracy

Remi Harvey, Corey Harvey, and Marrujo argue that Voltaire has failed to plead sufficient facts to support its conspiracy counterclaim.  The essential elements of a civil conspiracy claim under Texas law are:  (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result.  *Homoki v. Conversion Services, Inc.*, 717 F.3d 388, 404-05 (5th Cir. 2013) (*citing Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996)).  Voltaire alleges that Plaintiffs inflated and falsified time and submitted it to Voltaire, they schemed with Cordero, each other and other contractors, conspired with Cordero and others to commit other torts (theft, conversion, etc.), and had a meeting of the minds with their co-conspirators.  Purely from a pleading standpoint, these allegations are sufficient to state a Texas law civil conspiracy claim.

Having said that, the Court notes that although the Plaintiffs did not move to dismiss this claim for lack of jurisdiction, it appears to the undersigned that this cause of action—which like the theft, conversion, and breach of fiduciary duty claims sounds in tort—is not within the Court's subject matter jurisdiction for all of the same reasons applicable to the other tort claims.[13] Accordingly, the Court recommends that the District Court dismiss the conspiracy counterclaim for lack of subject matter jurisdiction.

---

[13]"When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012).

**C.      Plaintiffs' Rule 12(f) Motion to Strike**

Plaintiffs argue that the Court should strike Defendant's affirmative defenses of good faith, unclean hands, and estoppel pursuant to Rule 12(f).  Specifically, Plaintiffs argue that Defendant has failed to sufficiently plead its alleged good faith belief that it was not violating the FLSA.  Plaintiffs argue that Defendants' affirmative defenses of unclean hands and estoppel is inapplicable in the instant FLSA case.   Federal Rules of Civil Procedure Rule 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). The Court has broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979).

**1.      <u>Good Faith</u>**

 Plaintiffs argue that Voltaire has failed to plead a sufficient basis for its alleged good faith belief that it was not violating the FLSA. Thus, Plaintiffs argue that the good faith defense should be stricken.  The Court disagrees.

Under the FLSA, if it is found that the employer failed to properly pay wages to its employees, the employer may be liable for liquidated damages in an amount equal to the amount of unpaid wages. *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 604 (5th Cir.) (citing 29 U.S.C. § 216(b)), *cert. denied*, 534 U.S. 825 (2001).   Liquidated damages are effectively a doubling of the actual damages.  "Pursuant to 29 U.S.C. § 260, however, a district court may decline to award liquidated damages if the employer demonstrates that it acted reasonably and in good faith." *Solis v. Hooglands Nursery, L.L.C.*, 372 F. App'x 528, 530 (5th Cir. Apr.7, 2010) (citing *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)).  Even if a defendant shows both subjective good faith

17

and objective reasonableness, an award of liquidated damages remains in the discretion of the district court. *Id.* (citing 29 U.S.C. § 260). "An employer 'faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA.'" *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003) (quoting *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998)), *cert. denied*, 540 U.S. 1177 (2004).

In support of its good faith affirmative defense, Defendant avers that "its action or omissions giving rise to Plaintiff's claims were done in good faith and Defendant had reasonable ground for believing such acts or omissions were not a violation of the FLSA." Defendant's First Amended Answer to Cordero at ¶18.  Defendant goes on to allege that "Plaintiff represented that he was working as a subcontractor and in fact worked as a subcontractor.  Defendant understood that a subcontractor was not entitled to be paid overtime." *Id; see also*, Defendant's Answer to Remi Harvey at ¶ 18; Defendant's Answer to Corey Harvey and Toby Marrujo also at ¶ 18.  These allegations are sufficient to give Plaintiffs notice of Voltaire's good faith defense, which is all that is required. *See Florida v. DLT 3 Girls, Inc.,* 2012 WL 1565533, at * 3 (S.D. Tex. May 2, 2012); *Curry v. High Springs Family Practice Clinic and Diagnosis Center Inc.,* 2008 WL 5157683, at * 3 (N.D. Fla. 2008).  Accordingly, Plaintiffs' motion to strike the good faith defense should be denied.

### 2.   Unclean Hands

In Voltaire's Answers to the Plaintiffs' complaints, it asserted the affirmative defense of unclean hands and contended that Plaintiff was not entitled to equitable relief.  Plaintiffs argue that the doctrine of unclean hands is inapplicable because Plaintiffs are not seeking equitable relief.  In response, Voltaire states that if Plaintiffs are not seeking equitable relief, it would not assert the defense of unclean hands.  Accordingly, the motion to strike the affirmative defense of unclean hands should be granted.

3.      **Estoppel**

Defendant argues that Plaintiffs should be estopped from asserting or recovering under the FLSA because they represented that they would be working as subcontractors and Defendant relied upon such representations.  Plaintiffs argue that Defendant's estoppel defense should be stricken because it is an invalid defense under the FLSA and "it is merely an alterative way of stating that Plaintiff has unclean hands."  Cordero's Motion at p. 9.

First, "[i]t is unclear whether the equitable defenses of waiver, estoppel, unclean hands, and laches are available under the FLSA." *Tran v. Thai*, 2010 WL 5232944, at * 7 (S.D. Tex. Dec.16, 2010) (Rosenthal, J.); see also, *Perez-Nunez v. North Broward Hosp. Dist.*, 2009 WL 723873, at * 2 (S.D. Fla. 2009) ("The doctrines of waiver, estoppel and laches are generally not applicable to FLSA claims...").[14]  And second, even if estoppel were a valid defense in a FLSA case, Defendant's affirmative defense alleging that Plaintiffs should be estopped from pursuing this FLSA action because they represented themselves as subcontractors is not a valid defense under the FLSA because an employee's subjective opinion of his employee status does not change his status under the FLSA. *See Hopkins v. Cornerstone America*, 545 F.3d 338, 347 (5th Cir. 2008) (rejecting defendant's argument that plaintiffs were independent contractors because they had "contractually agreed to be,

---

[14]In *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972), the Fifth Circuit did permit a defendant to assert an estoppel defense in a FLSA case based "on the narrow facts of th[e] case." In *Brumbelow*, the plaintiff, who assembled electric light pull cords in her home, admitted that she had falsely reported to her employer that she completed the requisite units (as required by company policy) in eight hours when in fact it took her longer.  The plaintiff was seeking compensation based on the extra hours. The Fifth Circuit held that the district court "correctly granted a directed verdict on the basis that the appellant was estopped and could not profit from her own wrong in furnishing false data to the employer." *Id.*  Thus, because *Brumbelow* was decided on the narrow set of facts before it, the Court does not find its holding helpful in the instant case where Defendant is asserting estoppel based on Plaintiffs' representations of employee status.

and actually believed themselves to be, independent contractors," since subjective beliefs cannot change employee status under FLSA), *cert. denied*, 129 S.Ct. 1635 (2009).[15]

### III. Recommendation

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that Plaintiff Carlos Cordero's Motion to Dismiss Defendant's Counterclaims and Strike Defendant's Affirmative Defenses (Dkt. # 8) is **GRANTED IN PART AND DENIED IN PART**. The Court **RECOMMENDS** that the District Court **GRANT** Plaintiff Carlos Cordero's Motion to Dismiss Defendant's Counterclaims for theft, conversion, and breach of fiduciary duty under Rule 12(b)(1), but **DENY** the Motion to Dismiss with regard to Defendant's fraud Counterclaim. The Court **RECOMMENDS** that the District Court **DENY** Plaintiff Carlos Cordero's Rule 12(b)(6) Motion to Dismiss Defendant's offset affirmative defense. The Court **RECOMMENDS** that the District Court **GRANT** Plaintiff Carlos Cordero's Rule 12(f) Motion to Strike Defendant's unclean hands and estoppel affirmative defenses, but **DENY** the Motion to Strike Defendant's good faith affirmative defense.

IT IS **FURTHER RECOMMENDED** that Plaintiffs' Cory Harvey and Toby Marrujo's Motion to Dismiss Defendant's Counterclaims and Strike Defendant's Affirmative Defenses (Dkt. # 25) is **GRANTED IN PART** and **DENIED IN PART**. The Court **RECOMMENDS** that the District Court **GRANT** Plaintiffs Cory Harvey and Toby Marrujo's Motion to Dismiss Defendant's

---

[15]*See also Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1049 (5th Cir.) ("Subjective beliefs cannot transmogrify objective economic realities." 'A person's subjective opinion that he is a businessman rather than an employee does not change his status.'") (citing *Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 667 (5th Cir. 1983)), *cert. denied*, 484 U.S. 924 (1987). *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1006 (5th Cir. 1984) ("It is well established that the overtime requirements of the Fair Labor Standards Act are binding and cannot be waived by the employees"), *cert. denied*, 469 U.S. 1217 (1985); *Tran*, 2010 WL 5232944, at * 7-8 (striking equitable defenses of estoppel, waiver unclean hands and laches since defendant's argument that employee should be estopped from claiming employee status under FLSA because employee had previously claimed independent contractor tax benefits was invalid under FLSA since subjective belief cannot change employee status).

Counterclaims for theft and conversion under Rule 12(b)(1). The Court **RECOMMENDS** that the District Court **DENY** Plaintiffs' Cory Harvey and Toby Marrujo's Rule 12(b)(6) Motion to Dismiss. The Court **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Cory Harvey and Toby Marrujo's Rule 12(f) Motion to Strike Defendant's unclean hands and estoppel affirmative defenses, but **DENY** the Motion to Strike Defendant's good faith affirmative defense.

IT IS **FURTHER RECOMMENDED** that Plaintiff Remi Harvey's Motion to Dismiss Defendant's Counterclaims and Strike Defendant's Affirmative Defenses (Dkt. # 26) is **GRANTED IN PART and DENIED IN PART**. The Court **RECOMMENDS** that the District Court **GRANT** Plaintiff Remi Harvey's Motion to Dismiss Defendant's Counterclaims for theft and conversion under Rule 12(b)(1). The Court **RECOMMENDS** that the District Court **DENY** Plaintiff Remi Harvey's Rule 12(b)(6) Motion to Dismiss. The Court **RECOMMENDS** that the District Court **GRANT** Plaintiff Remi Harvey's Rule 12(f) Motion to Strike Defendant's unclean hands and estoppel affirmative defenses, but **DENY** the Motion to Strike Defendant's good faith affirmative defense.

Lastly, the Court **RECOMMENDS** that the District Court **DISMISS** *sua sponte* Defendant's civil conspiracy affirmative defense from this lawsuit for lack of jurisdiction.

## IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report

shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of December, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE